1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TIMOTHY PAUL LUCERO,                          No.  2:23-cv-2844 KJN P

12                 Plaintiff,

13          v.                                       ORDER

14    STATE OF CALIFORNIA,

15                 Defendants.

16

17          Plaintiff is a county prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42

18    U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19    This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21    Accordingly, the request to proceed in forma pauperis is granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

28    payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

                                                    1

1    amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2    § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5    court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

6    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

8         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

15   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

16   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

17   1227.

18        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

19   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

23   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

24   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

25   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

26   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

27   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

28   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

2

1   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

2   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

3   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

4            Named as defendants are the State of California, Chaplain Cox and Director of Chaplains

5   A. Bell.  Plaintiff alleges that defendants denied him his First Amendment right to practice his

6   religion.  In particular, plaintiff alleges that his requests for Kosher meals, a Bible, a Torah and

7   instructions for food preparation, a Talmud for Chumash, a Quran, books related to Hinduism and

8   Buddhism, church services and to walk spiritual grounds were denied.  Plaintiff alleges that his

9   grievances related to these requests were also denied.  Plaintiff alleges that the denial of these

10  requests was based on the "discrepancies of the chaplain."  Plaintiff does not state whether

11  defendant Chaplain Cox or defendant Chaplain Director Bell denied his requests for access to

12  religious items and religious practices.

13           For the following reasons, the undersigned finds that plaintiff's claims against defendant

14  State of California are barred by the Eleventh Amendment.  "The Eleventh Amendment bars suits

15  for money damages in federal court against a state, its agencies, and state officials acting in their

16  official capacities."  Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

17  "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a

18  state, 'an arm of the state,' its instrumentalities, or its agencies."  See Fireman's Fund Ins. Co. v.

19  City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations

20  omitted).  "The State of California has not waived its Eleventh Amendment immunity with

21  respect to claims brought under § 1983 in federal court...."  Dittman v. California, 191 F.3d 1020,

22  1025–26 (9th Cir. 1999) (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)).

23  Therefore, plaintiff cannot pursue claims for damages or injunctive relief against the State of

24  California.  If plaintiff files an amended complaint, he shall not name the State of California as a

25  defendant.

26           To state a claim for the violation of his First Amendment right to practice his religion,

27  plaintiff must allege facts showing two things.  First, he must show that he has a sincerely held

28  religious belief.  Second, he must show that a prison official took actions that substantially

3

1  burdened the practice of this religion. <u>Jones v. Williams</u>, 791 F.3d 1023, 1031 (9th Cir. 2015);

2  <u>Shakur v. Schriro</u>, 514 F.3d 878, 884-85 (9th Cir. 2008).

3        The undersigned finds that plaintiff fails to state a potentially colorable First Amendment

4  claim because he fails to show that he has a sincerely held religious belief.  Instead, plaintiff

5  alleges that he requested items and the ability to participate in practices related to several different

6  religions.  Plaintiff does not allege that he is a member of any particular religion.  Accordingly,

7  plaintiff's First Amendment claim is dismissed.  Although it is unlikely that plaintiff can cure this

8  pleading defect, plaintiff is granted leave to amend.  If plaintiff files an amended complaint, he

9  shall identify his religion and plead facts demonstrating that he has a sincerely held religious

10  belief.  Plaintiff shall also address how the alleged denial of access to religious items and/or

11  religious practices substantially burdened the practice of this religion.

12        The undersigned also finds that plaintiff fails to adequately link the defendants to the

13  alleged deprivations.  The Civil Rights Act under which this action was filed provides as follows:

14
15
16
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

17  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

18  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

19  <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978) ("Congress did not intend § 1983

20  liability to attach where . . . causation [is] absent."); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976) (no

21  affirmative link between the incidents of police misconduct and the adoption of any plan or policy

22  demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

23  to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative

24  act, participates in another's affirmative acts or omits to perform an act which he is legally

25  required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588

26  F.2d 740, 743 (9th Cir. 1978).

27        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

28  their employees under a theory of respondeat superior and, therefore, when a named defendant

4

1   holds a supervisorial position, the causal link between him and the claimed constitutional

2   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

3   (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

4   438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

5   denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

6   official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

7   F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

8   participation is insufficient).

9          Plaintiff does not clearly identify which defendant denied his requests for access to

10   religious items and religious practices.  If plaintiff files an amended complaint, plaintiff shall

11   clarify this matter.

12          Plaintiff also alleges that the denial of his requests for access to religious items and

13   religious practices violated the Ex Post Facto Clause and the Equal Protection Clause.  For the

14   reasons stated herein, the undersigned finds that plaintiff fails to state potentially colorable claims

15   pursuant to the Ex Post Facto and Equal Protection Clauses.

16          In order to state a claim for violation of his Fourteenth Amendment equal protection

17   rights, plaintiff must "show that the defendants acted with intent or purpose to discriminate

18   against the plaintiff based upon membership in a protected class."  Furnace v. Sullivan, 705 F.3d

19   1021, 1030 (9th Cir. 2013) (citation omitted).  "The Constitution's equal protection guarantee

20   ensures that prison officials cannot discriminate against particular religions."  Freeman v. Arpaio,

21   125 F.3d 732, 737 (9th Cir. 1997), abrogated in part on other grounds by Shakur v. Schriro, 514

22   F.3d 878, 884–85 (9th Cir. 2008).  Plaintiff fails to state a potentially colorable claim pursuant to

23   the Equal Protection Clause because he does not allege that he is a member of a particular

24   religion.  In other words, plaintiff fails to allege that he was discriminated against based on his

25   religion.  Accordingly, plaintiff's Equal Protection claim is dismissed.

26          The Ex Post Facto Clause bars enactments which, by retroactive operation, increase the

27   punishment for a crime after its commission.  Garner v. Jones, 529 U.S. 244, 249-50 (2000)

28   (citing Collins v. Youngblood, 497 U.S. 37, 42 (1990)).  Plaintiff's claims alleging denial of

access to religious items and religious practices do not state a potentially colorable claim pursuant

to the Ex Post Facto Clause.

Finally, plaintiff may also be raising a claim under the Religious Land Use and

Institutionalized Persons Act ("RLUIPA").  Under RLUIPA, a government may not impose a

substantial burden on the religious exercise of a confined person unless the government

establishes that the burden furthers a "compelling governmental interest" and does so by "the

least restrictive means."  42 U.S.C. § 2000cc-1(a)(1)-(2); Warsoldier v. Woodford, 418 F.3d 989,

994 (9th Cir. 2005).  RLUIPA requires a prisoner to show that the relevant exercise of religion is

grounded in a sincerely held religious belief.  Holt v. Hobbs, 574 U.S. 352, 360-61(2015).  Next,

the prisoner bears the burden of establishing that a prison policy constitutes a substantial burden

on that exercise of religion.  Id.; Warsoldier, 418 F.3d at 994 (citing 42 U.S.C. § 2000cc-2(b)).

Plaintiff fails to state a potentially colorable RLUIPA claim because, as discussed above,

he fails to allege that he has a sincerely held religious belief.  If plaintiff files an amended

complaint raising a RLUIPA claim, he shall identify his sincerely held religious belief and

describe how the alleged denial of access to religious items and/or religious practices

substantially burdened the exercise of his religion.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g.,

West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official

participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This requirement exists

6

1  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

2  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

3  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

4  omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

5  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

6  and the involvement of each defendant must be sufficiently alleged.

7          In accordance with the above, IT IS HEREBY ORDERED that:

8          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

9          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

10  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

11  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

12  Sacramento County Sheriff's Department filed concurrently herewith.

13          3.  Plaintiff's complaint is dismissed.

14          4.  Within thirty days from the date of this order, plaintiff shall complete the attached

15  Notice of Amendment and submit the following documents to the court:

16                  a.  The completed Notice of Amendment; and

17                  b.  An original of the Amended Complaint.

18  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

19  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

20  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

21          Failure to file an amended complaint in accordance with this order may result in the

22  dismissal of this action.

23          Dated:  January 19, 2024

24

25                                              _____
                                                KENDALL J. NEWMAN
26                                              UNITED STATES MAGISTRATE JUDGE

27

28  Luc2844.14

                                                7

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TIMOTHY PAUL LUCERO,                          No. 2:23-cv-2844 KJN P

                         Plaintiff,
12

13           v.                                    NOTICE OF AMENDMENT

14   STATE OF CALIFORNIA,

                         Defendants.
15

16           Plaintiff hereby submits the following document in compliance with the court's order

17   filed_____.

18                    _____          Amended Complaint

19   DATED:

20

21                                             _____
                                               Plaintiff
22

23

24

25

26

27

28