UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PAUL LUCERO, | No. 2:23-cv-2844 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is a county prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On January 22, 2024, the court dismissed plaintiff's complaint with leave to amend. (ECF No. 9.) Pending before the court is plaintiff's amended complaint. (ECF No. 11.) For the reasons stated herein, this court recommends dismissal of this action.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Claims in Amended Complaint

Plaintiff is incarcerated at the Rio Consumnes Correctional Center ("RCCC"). Named as defendants are Chaplain Cox, Director of Chaplains Bell, and Lieutenant Leahy. (ECF No. 11 at 2.) As in the original complaint, plaintiff alleges that defendants denied him his First Amendment right to practice his religion. Plaintiff may also be alleging violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

2

Plaintiff alleges that he has "been in fellowship" with the Jehovah's Witness Congregation since birth. (Id.) Plaintiff alleges that he has been an interfaith and spiritual person since his youth. (Id.) Plaintiff alleges that he is a lay Buddhist, a practitioner of religious metaphysics and fundamentalism. (Id.) Plaintiff alleges that "for fun" he became an ordained Reverand of the Universal Life Church. (Id.) Plaintiff alleges that he is a sincere interfaith religious person, though he does not "argue specific membership to mosque, temple, congregation, ashram." (Id. at 3.)

Plaintiff alleges that defendants denied his grievances requesting religions services and religious items. (Id. at 2-3.) Plaintiff appears to allege that defendants denied his requests for Kosher meals, a Torah, a Chumash, a Quran, East Indian, Hindu and Buddhist books, a Talmud, books related to Christian Science, church services, a spiritual walk around and door side prayer. (Id. at 5.)

Plaintiff alleges that he owes money to outside friends who purchased for him the Tibetan Book of the Dead, Raja Yoga, Shantidiva Conversations, and multiple Buddhist books. (Id. at 4.) Plaintiff alleges that the Jehovah's Witness Elder brought him a Holy New World Translation Bible. (Id.) Plaintiff alleges that he was given a Quran. (Id.)

Discussion

The court advised plaintiff in the January 22, 2024 order that to state a claim for violation of his First Amendment right to practice his religion, plaintiff must allege facts showing two things. (ECF No. 9 at 3-4.) First, plaintiff must show that he has a sincerely held religious belief; second, plaintiff must show that jail officials took actions that substantially burdened the practice of this religion. Jones v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015); Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). Under RLUIPA, plaintiff must also show a sincerely held religious belief and that the government's action substantially burdened his religious exercise. Holt v. Hobbs, 574 U.S. 352, 360-61 (2015).

The court dismissed the original complaint because plaintiff failed to show that he had a sincerely held religious belief. (ECF No. 9 at 4.) In the original complaint, plaintiff also alleged that defendants denied his requests for items and access to practices related to multiple religions.

3

1    (Id.)  Plaintiff did not allege membership in any particular religion.  (Id.)  Based on these

2    allegations, the court found that plaintiff had not plead sufficient facts demonstrating that he had a

3    sincerely held religious belief.  (Id.)

4        This court finds that plaintiff's amended complaint does not cure the pleadings defects

5    discussed in the order dismissing the original complaint.  Plaintiff again alleges that he identifies

6    with multiple religions.  Plaintiff again alleges that defendants denied his requests for items and

7    access to practices related to multiple religions.  These allegations do not demonstrate that

8    plaintiff has a sincerely held religious belief.  Plaintiff does not allege membership in any

9    particular religion.  Instead, plaintiff appears to seek the ability to investigate and/or explore

10   multiple religions.  Defendants alleged denial of plaintiff's requests for items and access to

11   practices related to multiple religions so that plaintiff may investigate and/or explore these

12   religions does not state a potentially cognizable RLUIPA or First Amendment claim.

13       This court recommends dismissal of this action because it is clear that plaintiff cannot

14   cure the pleading defects discussed above.  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012)

15   ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is

16   absolutely clear that the deficiencies of the complaint could not be cured by amendment.'")

17   (quoting Schucker v. Rockwood, 846 F.2d 1202-04 (9th Cir. 1998) (per curiam)).

18       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a

19   district judge to this action; and

20       IT IS HEREBY RECOMMENDED that this action be dismissed.

21       These findings and recommendations are submitted to the United States District Judge

22   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

23   after being served with these findings and recommendations, plaintiff may file written objections

24   with the court and serve a copy on all parties.  Such a document should be captioned

25   /////

26   /////

27   /////

28   /////

"Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 28, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Luc2844.56